# In the United States Court of Federal Claims

No. 15-1030V

Filed Under Seal: May 18, 2017

Reissued for Publication:  June 15, 2017[*]

―――――――――――――――――

)
TANYA LYNN CARTER, as parent and )
legal representative of the estate of her )
son, Z.J.C., deceased, )
)
                Petitioner, )
)
v. )
)
SECRETARY OF HEALTH AND )
HUMAN SERVICES, )
)
                Respondent. )
)

―――――――――――――――――

National Childhood Vaccine Injury Act;
Attorneys' Fees.

*Mark L. Krueger*, Krueger & Hernandez, S.C., Baraboo, WI, for petitioner.

*Voris E. Johnson*, Senior Trial Attorney, *Gabrielle M. Fielding*, Assistant Director, *Catharine E. Reeves*, Deputy Director, *C. Salvatore D'Alessio*, Acting Director, and *Chad A. Reader*, Acting Assistant Attorney General, Torts Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.

## MEMORANDUM OPINION AND ORDER

## I.  INTRODUCTION

       Petitioner, Tanya Lynn Carter, as parent and legal representative of the estate of her deceased son, Z.J.C., seeks review of the January 10, 2017, decision of the special master denying her motion for award of attorneys' fees and costs under the National Childhood Vaccine Injury Act (the "Vaccine Act"), 42 U.S.C. § 300aa-15(e)(1).  For the reasons set forth below, the

―――――――――――――――――

[*] This Memorandum Opinion and Order was originally filed under seal on May 18, 2017 (docket entry no. 47).  The parties were given an opportunity to advise the Court, by June 8, 2017, of their views with respect to what information, if any, should be redacted.  To date, the parties have not filed a joint status report.  And so, the Court is reissuing its Memorandum Opinion and Order dated May 18, 2017, without redactions.

Court **DENIES** petitioner's motion for review and **SUSTAINS** the decision of the special master.

## II.    FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.  Factual Background

In this case, petitioner alleges that the diphtheria-tetanus-acellular pertussis ("DTaP") and pneumococcal vaccines caused the death of her infant son, Z.J.C.  Dec. at *1; *see generally* Petition.  The medical history of Z.J.C. is discussed in detail in the special master's January 10, 2017, decision ("Special Master's Decision") and can be briefly summarized here.  *Carter v. Sec'y of Health & Human Servs.*, No. 15-1030V, 2017 WL 490427 (Fed. Cl. Spec. Mstr. Jan. 10, 2017).

Z.J.C. was born on March 31, 2013.  Dec. at *1; Pet. Ex. 1.  Z.J.C. was relatively healthy during his first fifteen months.  Dec. at *1.  On June 27, 2014, Z.J.C. was taken to the hospital with a fever of 100.3 degrees Fahrenheit, where he was diagnosed with an upper respiratory infection.  *Id*. at *1; Pet. Ex. 2 at 35.

On July 1, 2014, Z.J.C. received the pneumococcal and DTaP vaccines during his 15-month well-child visit.  Dec. at *1; Pet. Ex. 3 at 2.  The doctor's notes from that visit note that Z.J.C. had a "rash after fever," but was otherwise healthy.  Dec. at *1; Pet. Ex. 3 at 3-4.

On July 1, 2014, petitioner called the doctor's office and stated that Z.J.C. was "back to his normal self [regarding the rash] and [did not have a] fever."  Pet. Ex. 3 at 1.  On the following evening, July 2, 2014, Z.J.C. was found unresponsive and transported to the local emergency room.  Dec. at *1; Pet. Ex. 2 at 40.  On arrival, Z.J.C. received emergency treatment before being transferred to the University of Wisconsin American Family Children's Hospital.  Dec. at *1.  The resident physician at the hospital noted that Z.J.C. previously had an upper respiratory infection, but, "in the last few days," was "back to his baseline and behaving like normal."  Pet. Ex. 2 at 44.

---

[1] The facts recounted in this Memorandum Opinion and Order are taken from the special master's January 10, 2017 decision in *Carter v. Sec'y of Health & Human Servs.*, No. 15-1030V, 2017 WL 490427 (Fed. Cl. Spec. Mstr. Jan. 10, 2017) ("Dec."); and petitioner's exhibits filed before the Office of Special Master ("Pet. Ex.").  Except where otherwise noted, the facts recited herein are undisputed.

On July 4, 2014, Z.J.C. remained unresponsive and, after extensive examinations and tests, was pronounced brain dead. Dec. at *1; Pet. Ex. 2 at 50. Later on July 4, 2014, Z.J.C. was taken off life support. Dec. at *1; Pet. Ex. 2 at 44. On July 5, 2014, the Dane County Medical Examiner determined that the cause of death was due to a severe respiratory tract infection. Dec. at *1; Pet. Ex. 5 at 3. And so, the cause of death listed on Z.J.C.'s death certificate is anoxia due to, or as a consequence of, acute bronchopneumonia. Dec. at *1; Pet. Ex. 9.

On August 11, 2014, petitioner hired her counsel of record in this matter. Dec. at *1. For approximately one year, petitioner's counsel gathered relevant medical records regarding Z.J.C.'s vaccinations and death. *Id*. On September 16, 2015, petitioner filed a petition pursuant to the National Vaccine Injury Compensation Program, alleging that the pneumococcal and DTaP vaccines that Z.J.C. received on July 1, 2014, caused the severe bacterial respiratory infection that led to his death. Petition at 1; Dec. at *1. On November 19, 2015, respondent filed a report pursuant to Vaccine Rule 4. *See generally* Resp. Report; Dec. at *1.

During a status conference held on December 9, 2015, the parties agreed that expert reports were required for the matter to proceed. Order Requesting Expert Reports, Dec. 10, 2015. Petitioner failed to find an expert, and so, on September 6, 2016, the parties filed a Joint Stipulation of Dismissal. Jt. Stip., Sept. 6, 2016. On September 7, 2016, the special master dismissed the matter without prejudice, consistent with the parties' joint stipulation of dismissal. Order Concluding Proceedings, Sept. 7, 2016.

After the case was voluntarily dismissed, petitioner filed a motion seeking $21,014.36 in attorneys' fees and costs pursuant to Section 15(e) of the Vaccine Act, 42 U.S.C. § 300aa-15(e)(1). Pet. Mot. for Attorneys' Fees. Thereafter, respondent filed a response and opposition to the petitioner's motion. Resp. Response to Pet. Mot. for Attorneys' Fees.

**B. The Special Master's Decision**

On January 10, 2017, the special master issued a decision denying petitioner's motion for attorneys' fees and costs under Section 15(e). *See generally* Dec. In the decision, the special master determined that petitioner failed to meet her burden to establish a reasonable basis for the claim brought and, as a result, petitioner was not eligible for an award of attorneys' fees and costs. *Id*. at *4.

Specifically, the special master determined that, as an initial matter, Section 15(e) allows a special master to award reasonable attorneys' fees and costs even when petitioner has failed to prevail upon a claim for compensation. *Id.* at *2, 4; *see also* 42 U.S.C. § 300aa-15(e)(1).  The special master further determined that, to be eligible for such an award, the petition must have been brought in good faith and with a reasonable basis for the claim.  Dec. at *2; 42 U.S.C. § 300aa-15(e)(1).

Because there was no dispute that the petition was filed in good faith, the special master found that petitioner's claim here had been brought in good faith.  Dec. at *2.  And so, the special master focused his decision on the issue of whether there was a reasonable basis for the petition.  *Id.*

In this regard, the special master determined that "[t]he Federal Circuit has not interpreted 'reasonable basis' or provided any guidance as to how petitioners satisfy the reasonable basis standard."  *Id.*  And so, the special master reviewed recent Office of Special Masters' decisions that have examined this issue and determined that such decisions "have examined whether any evidence supports 'the claim for which the petition was brought.'"  Dec. at *2 (quoting 42 U.S.C. § 300aa-15(e)(1)).  The special master also concluded that focusing on the evidence presented by the petitioner is consistent with Section 11 of the Vaccine Act, which requires that a petition be filed with evidence of injury, such as an affidavit or other supporting documentation to show a person received a vaccine and suffered an injury, or an explanation as to "the reasons for their unavailability."  *Id.* at *2 (citing *Chuisano v. Sec'y of Health & Human Servs.*, No. 07-452V, 2013 WL 6234660, at *8-10 (Fed. Cl. Spec. Mstr. Oct. 25, 2013)); *see also* 42 U.S.C. § 300aa-11(c) (2016).  And so, the special master determined that a petitioner may rely upon evidence such as medical records, affidavits from witnesses and expert opinions to demonstrate that his or her claim had a reasonable basis.  Dec. at *2 (citing 42 U.S.C. § 300aa-11(c)).  In addition, the special master also determined that petitioner had the burden to demonstrate her claim had a reasonable basis.  *Id.* at *3 (citing *McKellar v. Sec'y of Health and Human Servs.*, 101 Fed. Cl. 297, 305 (2011)).

Applying this standard, the special master concluded that petitioner had not demonstrated a reasonable basis for her claim, because she "cited no evidence that the alleged vaccines caused

Z.J.C.'s condition and his eventual death." *Id*. at *3.  In reaching this conclusion, the special master found that:

> [Petitioner] did not cite to any medical record in which a treating physician linked the vaccines to Z.J.C.'s condition.  [Petitioner] also did not file a report from an independently retained expert who opined that the vaccines caused Z.J.C.'s condition and/or his death.

*Id*.

In addition, the special master noted that petitioner had not faced an impending statute of limitations deadline when filing her petition. *Id*.  The special master also considered the diligence of petitioner's attorney in preparing and filing petitioner's claim. *Id*.  In this regard, the special master found that the attorneys' diligence was lacking in this matter, because a review of the medical records should have revealed the inadequate evidence supporting petitioner's claim and should have highlighted the need to hire an expert prior to filing the petition. *Id*. at *3-4. The special master also rejected petitioner's argument that she was not required to hire an expert and have an expert report completed before filing her petition, because the special master found this argument inconsistent with the Vaccine Act. *Id*. at *3.  Specifically, the special master determined that:

> [I]n crafting the Vaccine Act, Congress expected petitioners to file front-loaded petitions with "supporting documentation, demonstrating" five elements.  42 U.S.C. § 300aa–11(c)(1).  Notably, one of these items, which is set forth in paragraph (C), concerns causation.  The petition should include "supporting documentation" showing that the vaccinee "sustained . . . any injury . . . which was caused by a vaccine." 42 U.S.C. § 300aa–11(c)(1)(C)(ii)(I).  [Petitioner's] failure to obtain this "supporting documentation" regarding causation prior to filing the petition does not eliminate the reasonable basis requirement.

*Id*. (citing *Chuisano*, 2013 WL 6234660, at *8-10).  And so, the special master determined that petitioner's counsel was not diligent in filing the petition, because counsel should have known that petitioner would need an expert to support her claim. *Id*. at *3.

Lastly, the special master also observed that the need for a supporting expert in this case was particularly important because the medical records and the treating physicians point to other causes of death, not associated with Z.J.C.'s vaccinations. *Id*. at *4.  And so, the special master denied petitioner's request for an award of attorneys' fees and costs. *Id*.

Petitioner, alleging error, seeks review of the Special Master's Decision.

### C.  Procedural Background

The procedural history for the proceedings before the special master is set forth in the Special Master's Decision.  Specifically relevant here, on October 27, 2016, petitioner filed a motion for attorneys' fees and costs in the amount of $21,014.36.  *See generally* Pet. Mot. for Attorneys' Fees.  Respondent filed an opposition to the motion on November 4, 2016.  *See generally* Resp. Response to Pet. Mot. for Attorneys' Fees.  On January 10, 2017, the special master issued a decision denying petitioner's motion for attorneys' fees and costs.  *See generally* Dec.

On January 24, 2017, petitioner filed a motion for review of the Special Master's Decision and a memorandum of objections.  *See generally* Pet. Mot.; Pet. Mem.  Respondent filed a response to petitioner's motion for review on February 23, 2017.  *See generally* Resp. Brief.

Petitioner's motion for review having been fully briefed, the Court resolves the pending motion.

### III.   STANDARDS FOR DECISION

### A.  Vaccine Act Standards Of Review

The United States Court of Federal Claims has jurisdiction to review the record of the proceedings before a special master and, upon such review, may:

> (A) uphold the findings of fact and conclusions of law of the special master and sustain the special master's decision,
>
> (B) set aside any findings of fact or conclusions of law of the special master found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and issue its own findings of fact and conclusions of law, or
>
> (C) remand the petition to the special master for further action in accordance with the court's direction.

42 U.S.C. § 300aa–12(e)(2).

The special master's determinations of law are reviewed *de novo*.  *Andreu ex rel. Andreu v. Sec'y of Health & Human Servs.*, 569 F.3d 1367, 1373 (Fed. Cir. 2009).  The special master's findings of fact are reviewed for clear error.  *Id.*; *see also Broekelschen v. Sec'y of Health &*

*Human Servs.*, 618 F.3d 1339, 1345 (Fed. Cir. 2010) ("We uphold the special master's findings of fact unless they are arbitrary or capricious.").  The special master's discretionary rulings are reviewed for abuse of discretion.  *Munn v. Sec'y of Health & Human Servs.*, 970 F.2d 863, 870 n.10 (Fed. Cir. 1992).

In addition, a special master's findings regarding the probative value of the evidence and the credibility of witnesses will not be disturbed so long as these findings are "supported by substantial evidence."  *Doe v. Sec'y of Health & Human Servs.*, 601 F.3d 1349, 1355 (Fed. Cir. 2010) (citation omitted); *see also Burns v. Sec'y of Health & Human Servs.*, 3 F.3d 415, 417 (Fed. Cir. 1993) (holding that the decision of whether to accord greater weight to contemporaneous medical records or later given testimony is "uniquely within the purview of the special master").  This "level of deference is especially apt in a case in which the medical evidence of causation is in dispute."  *Hodges v. Sec'y of Health & Human Servs.*, 9 F.3d 958, 961 (Fed. Cir. 1993).  And so, the Court will not substitute its judgment for that of the special master "if the special master has considered all relevant factors, and has made no clear error of judgment."  *Lonergan v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 579, 580 (1993) (citations omitted).

### B.  Attorneys' Fees And Costs

When a special master awards compensation to a petitioner, the Vaccine Act directs the special master to also award "reasonable attorneys' fees, and other costs, incurred in any proceeding on such petition."  42 U.S.C. § 300aa-15(e)(1).  If the petitioner does not prevail upon his or her claim and is, thus, denied compensation, the special master "may award an amount of compensation to cover petitioner's reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."  *Id.*; *see also Sebelius v. Cloer*, 133 S. Ct. 1886, 1893 (2013); *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1520 (Fed. Cir. 1993).  And so, the Vaccine Act affords the special master discretion over whether to award attorneys' fees and costs when the special master denies compensation.  *Saxton*, 3 F.3d at 1520.

Within the context of a petition brought under the Vaccine Act, good faith is a subjective standard.  *See, e.g., Turner v. Sec'y of Health & Human Servs.*, No. 99-544V, 2007 WL

5180524, at *2 (Fed. Cl. Aug. 31, 2007); *Hamrick v. Sec'y of Health & Human Servs*., No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007); *Di Roma v. Sec'y of Health & Human Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). And so, the Court has held that the good faith standard focuses on whether the petitioner "honestly believed he had a legitimate claim for compensation." *See Turner*, 2007 WL 5180524, at *2 (citing *Di Roma*, 1993 WL 496981, at *1).

With respect to determining whether "there was a reasonable basis for the claim," this Court has also held that petitioner must prove, by "something less than preponderant evidence," that he or she had a reasonable basis for filing the claim. *Chuisano*, 116 Fed. Cl. at 289; *McKellar*, 101 Fed. Cl. at 305; *see, e.g.*, *Simmons v. Sec'y of Health & Human Servs*., 128 Fed. Cl. 579, 583 (2016), *appeal docketed*, No. 17-1405 (Fed. Cir. Dec. 23, 2016). However, "[n]either the Federal Circuit nor this Court has had occasion to define . . . 'reasonable basis' for purposes of fee awards under the Vaccine Act." *Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 153 (2012); *see also Chuisano*, 116 Fed. Cl. at 285 (holding that the reasonable basis standard is "amorphous" and "not rigidly defined").

This Court has looked to the totality of the circumstances to determine whether a petitioner's claim had a reasonable basis at the time the petition was filed. *Simmons*, 128 Fed. Cl. at 583 (applying a totality of the circumstances test in reviewing reasonable basis of claim); *McKellar*, 101 Fed. Cl. at 303 ("The presence of a reasonable basis is an objective consideration determined by the totality of the circumstances.") (citation omitted). The Court has also held that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis because the petitioner could not meet the burden of proof needed to establish reasonable basis." *Chuisano*, 116 Fed. Cl. at 286 (citation omitted); *see also Simmons*, 128 Fed. Cl. at 583. In addition, the Court has considered factors "such as 'the factual basis, medical support . . . jurisdictional issues,' including the statute of limitations," and the attorney's diligence in bringing the claims when considering whether there was a reasonable basis for a claim under the Vaccine Act. *Simmons*, 128 Fed. Cl. at 583 (citing *Chuisano*, 116 Fed. Cl. at 288); *cf. Rehn v. Sec'y of Health & Human Servs.*, 126 Fed. Cl. 86, 92-93 (2016) (finding that the attorney "has done meaningful work on this case").

## IV.    LEGAL ANALYSIS

In the petition for review, petitioner enumerates two objections to the special master's decision to deny an award of attorneys' fees and costs. *See generally* Pet. Mem. First, petitioner argues that the special master abused his discretion in applying the reasonable basis standard under Section 15(e) of the Vaccine Act. Pet. Mem. at 1-5. Second, petitioner argues that the special master erred by holding that petitioner was required to hire an expert prior to filing the petition in this matter, in order to meet the reasonable basis standard under the Vaccine Act. *Id.* at 5-6.

The government counters that petitioner has failed to demonstrate that the special master erred as a matter of law, or abused his discretion, in determining that petitioner's claim lacked a reasonable basis. *See generally* Resp. Brief. For the reasons discussed below, the Court agrees. And so, the Court **DENIES** petitioner's motion for review and **SUSTAINS** the decision of the special master.

### A.  The Special Master Properly Applied The Reasonable Basis Standard

#### 1.  The Reasonable Basis Standard

As an initial matter, the record before the Court shows that the special master correctly defined the reasonable basis standard under Section 15(e) of the Vaccine Act. The Court reviews the special master's legal determination regarding the meaning of the Vaccine Act's reasonable basis standard *de novo*. *Andreu*, 569 F.3d at 1373; s*ee also Chuisano*, 116 Fed. Cl. at 284 ("If . . . the exercise of discretion turns on a potentially erroneous statutory interpretation of the Vaccine Act (a question of law), then the court will review the interpretation without deference.").

In this regard, Section 15(e) of the Vaccine Act provides, in pertinent part, that:

> If the judgment of the United States Court of Federal Claims on such a [Vaccine Act] petition does not award compensation, the special master or court may award an amount of compensation to cover petitioner's reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought.

42 U.S.C. § 300aa-15(e). And so, Section 15(e) permits the award of attorneys' fees in matters in which the petitioner is unsuccessful, if the special master determines the petition was brought

in good faith and there was a reasonable basis for the claim.[2]  *Id.*  Because there is no dispute in this case that the petition has been brought in good faith, the question presented here–and previously before the special master–is whether there was a reasonable basis for the claim for which this petition has been brought.  42 U.S.C. § 300aa-15(e); *see* Dec. at *2.

Although neither this Court nor the United States Court of Appeals for the Federal Circuit has defined "reasonable basis" within the context of Section 15(e), the Court has held that a petitioner bears the burden of proving that a claim has a reasonable basis.  *See, e.g., Woods*, 105 Fed. Cl. at 153; *McKellar*, 101 Fed. Cl. at 305.  The Court has also recognized that the Vaccine Act's reasonable basis standard is an objective standard and that the reasonable basis standard may be met with less than preponderant evidence.  *Chuisano*, 116 Fed. Cl. at 286 (citing *McKellar*, 101 Fed. Cl. at 303); *Simmons*, 128 Fed. Cl. at 583 (citing *Chuisano*, 116 Fed. Cl. at 287).

The Court has also previously examined the question of whether a reasonable basis exists for a claim brought under the Vaccine Act on several occasions.  In these cases, the Court has consistently found that a petitioner must submit some evidence to support a claim to satisfy the Vaccine Act's reasonable basis standard.  *Chuisano*, 116 Fed. Cl. at 288 (citations omitted).

For instance, this Court has held that a claim filed with no supporting evidence does not meet the reasonable basis standard.  *Simmons*, 128 Fed. Cl. at 583 (citing *Chuisano*, 116 Fed. Cl. at 286).  On the other hand, the Court has held that a lack of medical records at the time of filing a petition does not preclude a finding of a reasonable basis for the claim.  *McKellar*, 101 Fed. Cl. at 303.  In addition, this Court has held that unsubstantiated medical records or opinions, alone, may prove insufficient in meeting the reasonable basis standard.  *Perez v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 200, 201-02 (1992); *see also Collins v. Sec'y of Health & Human Servs.*, No. 91-821V, 1992 WL 164512, at *1 (Ct. Cl. Spec. Mstr. June 23, 1992).

The Federal Circuit has also found that an expert report does not automatically satisfy the reasonable basis standard.  *Perriera v. Sec'y of Health & Human Servs.*, 33 F.3d 1375, 1377

---

[2] Section 11 of the Vaccine Act also requires petitions to be filed with "evidence of injury or an explanation as to why records are not available."  *Simmons v. Sec'y of Health & Human Servs.*, 128 Fed. Cl. 579, 583 (2016), *appeal docketed*, No. 17-1405 (Fed. Cir. Dec. 23, 2016) (citing 42 U.S.C. § 300aa-11(c)).

(Fed. Cir. 1994).  In addition, this Court has held that settlement negotiations do not automatically demonstrate that a claim had a reasonable basis.  *Woods*, 105 Fed. Cl. at 153 (2012).  This Court has also held that demonstrating a temporal relationship, alone, is not sufficient to show that the petitioner's claim had a reasonable basis under the Vaccine Act. *Chuisano*, 116 Fed. Cl. at 287 ("Temporal proximity is necessary, but not sufficient.").  And so, the aforementioned cases indicate that petitioner must present some evidence to support her claim here to meet the reasonable basis standard and, thus, to be eligible for an award of attorneys' fees and costs.

The Court has also considered whether the reasonable basis standard should be evidence-based or based upon a totality of the circumstances of a particular case.  In this regard, the Court agrees with the government that the reasonable basis standard is *primarily* evidence-based.  Resp. Brief at 6-12.  But, the Court declines to adopt the rigid evidence-based test that the government proposes in its brief.

As this Court recently concluded in *Chuisano*:

An evidentiary standard may serve as an excellent guidepost in fee decisions, but it cannot serve as the bright-line threshold.  Such a rigid position is at variance with the flexible structure of the vaccine program.

116 Fed. Cl. at 287.  And so, the reasonable basis standard should be flexible enough to allow special masters and judges to consider other factors–such as the conduct of the attorney or a pending statute of limitations deadline–in addition to the strength of the evidence to support a Vaccine Act claim.  *Id*.; *Simmons*, 128 Fed. Cl. at 584.

Such a flexible standard is consistent with the one of the purposes of the Vaccine Act, "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims."  *Avera v. Sec'y of Health & Human Servs*., 515 F.3d 1343, 1352 (Fed. Cir. 2008) (citing *Saunders v. Sec'y of Health & Human Servs*., 25 F.3d 1031, 1035 (Fed. Cir. 1994)).  And so, it is appropriate to review the evidence presented by the petitioner in this case–as well as other pertinent factors regarding the filing of this petition–to determine whether there is a reasonable basis for petitioner's claim.

### 2.   The Special Master Correctly Defined The Reasonable Basis Standard

Given the aforementioned guidance regarding the nature of the reasonable basis standard, the record evidence in this case shows that the special master appropriately defined the reasonable basis standard.  In his decision, the special master correctly determined that he may award attorneys' fees under Section 15(e) although petitioner failed to prevail upon her claim for compensation under the Vaccine Act, and that petitioner had the burden to demonstrate that her claim had a reasonable basis.  Dec. at *2-3.   The special master also appropriately concluded that he may consider the evidence presented by the petitioner in this case in determining whether a reasonable basis exists, and that petitioner may rely upon evidence such as medical records, affidavits from witnesses and expert opinions to demonstrate that her claim had a reasonable basis.  *Id*. at *2.  In addition, the special master properly considered non-evidentiary factors pertinent to the petitioner's claim, such as the absence of a statute of limitations deadline and attorney diligence in filing petitioner's claim, in evaluating petitioner's motion for attorneys' fees and costs.  *See* Dec. at *3; *see also Simmons*, 128 Fed. Cl. at 583; *Chuisano*, 116 Fed. Cl. at 287.  The special master's decision to focus on the evidence presented by the petitioner in this matter is consistent with Section 11 of the vaccine Act, which expressly requires a petition to be filed with evidence of injury.  *See* 42 U.S.C. § 300aa-11(c); Dec. at *2.  Given this, the record evidence shows that the special master did not err as a matter of law in defining the reasonable basis standard.

### 3.   The Special Master Did Not Abuse His Discretion In Denying Attorneys' Fees And Costs

The record evidence also shows that the special master did not abuse his discretion in applying the reasonable basis standard and denying petitioner's motion for attorneys' fees and costs.  In petitioner's memorandum of objections, petitioner asserts that the special master abused his discretion by failing to consider "medical records, medical research, prior vaccine cases, VAERS [Vaccine Adverse Event Reporting Systems] reports, and a temporal relationship between the vaccinations and the injury," in reaching the decision to deny petitioner's motion for attorneys' fees and costs.  Pet. Mem. at 1-3.  Because the decision regarding whether a particular petition had a reasonable basis is within the discretion of the special master, the Court reviews the special master's decision for abuse of discretion.  *Simmons*, 128 Fed. Cl. at 582.

In this case, the record evidence shows that the special master considered all of the evidence in the record, which consists solely of Z.J.C.'s medical records.  Dec. at *1-2.  In reviewing these medical records, the special master considered the proximate relationship between the vaccinations that Z.J.C. received on July 1, 2014, and Z.J.C.'s death on July 4, 2014. *Id*. at *1.  But, as the special master correctly determined in his decision, such a proximate relationship, alone, is insufficient to establish a reasonable basis for petitioner's claim under the Vaccine Act.  *See id*. at *3-4; *Chuisano*, 116 Fed. Cl. at 287 (finding that a "[t]emporal proximity is necessary, but not sufficient" to establish a reasonable basis) (citation omitted).

The special master also properly determined that the medical records that petitioner filed to support her claim did not support her claim that the vaccines at issue caused Z.J.C.'s death. Dec. at *3; *see generally* Pet. Ex. 1-9.  In this regard, the special master found that the medical records in this case did not link the DTaP or pneumococcal vaccinations that Z.J.C. received on July 1, 2014, to his death.  Dec. at *4; *see generally* Pet. Ex. 1-9.  The special master also appropriately found that these medical records contradict petitioner's claim that the subject vaccines caused Z.J.C.'s death, because Z.J.C.'s medical records list anoxia due to, or as a consequence of, acute bronchopneumonia as the cause of death.  Dec. at *4; Pet. Ex. 2 at 47-52; Pet. Ex. 5 at 3, 39, 41; Pet. Ex. 9.  And so, the special master reasonably concluded that petitioner failed to put forward any evidence that the vaccinations that Z.J.C. received on July 1, 2014, caused his death.  Dec. at *3.

The special master also appropriately considered other, non-evidentiary, factors that may be considered when addressing the reasonable basis standard.  Specifically, the special master weighed the diligence of petitioner's attorney in filing this matter and he determined, among other things, that:

> [D]iligence requires more than the collection of medical records. After obtaining the medical records, the attorney had ample time to review and to assess those records without concern of a looming statute of limitations deadline.  Such a review would have revealed the lack of evidence supporting the claim for which the petition was brought and highlighted the need for expert consultation.

*Id*.  And so, again, the record evidence shows that the absence of a looming statute of limitations deadline, and the lack of attorney diligence, demonstrate that petitioner's claim lacks a reasonable basis.

The Court is also not persuaded by the arguments that petitioner advances to show that there was a reasonable basis for her claim.  First, petitioner's claim that the special master erred by failing to consider the "medical records, medical research, prior vaccine cases, VAERS reports, and [the] temporal relationship between the vaccinations and the injury" is belied by the record evidence.  Pet. Mem. at 3-4.  As discussed above, the special master considered the medical records that petitioner filed in this case, and he appropriately determined that these records failed to demonstrate that the vaccinations caused, or served as an aggravating factor in, Z.J.C.'s death, because none of the medical records link Z.J.C.'s death to the vaccinations.  Dec. at *3-4; *Murphy v. Sec'y of Health & Human Servs.*, 30 Fed. Cl. 60, 62 (1993) (finding that a reasonable basis cannot be established when the medical records contradict the claims asserted in the petition).  The record evidence also makes clear that the special master did not err by failing to consider medical research or VAERS reports as petitioner suggests, because petitioner did not file any medical research or VAERS reports during the proceedings before the special master. *See* Petition; Pet. Ex. 1-9.

Petitioner's argument that the special master abused his discretion by failing to consider relevant case law that supports her claim is equally unavailing.  Pet. Mem. at 4.  Petitioner relies upon the Court's decisions in *Brown*, *Padilla* and *Watkins* to argue that petitioners have received compensation in prior cases involving bacterial infections following the DTaP and pneumococcal vaccines.  Pet. Mem. at 4; Pet. Mot. for Attorneys' Fees at 3; *Brown v. Sec'y of Health & Human Servs.*, No. 11-50V, 2014 WL 5408970 (Fed. Cl. Spec. Mstr. Sept. 26, 2014); *Padilla v. Sec'y of Health & Human Servs.*, No. 10-91V, 2011 WL 1598780 (Fed. Cl. Spec. Mstr. April 6, 2011); *Watkins v. Sec'y of Health & Human Servs.*, No. 10-636V, 2014 WL 4674190 (Fed. Cl. Spec. Mstr. Aug. 25, 2014).  But, petitioner did not raise either *Padilla* or *Watkins* during proceedings before the special master.  *See generally* Petition; Pet. Ex. 1-9; Pet. Mot. for Attorneys' Fees.

In addition, *Padilla*, *Watkins*, and *Brown* do not support petitioner's claim, because the Court did not reach the issue of whether the DTaP or pneumococcal vaccines caused, or significantly aggravated, a bacterial infection in any of those matters.  *Brown*, 2014 WL 5408970, at *1-5; *Watkins*, 2014 WL 4674190, at *1-3; *Padilla*, 2011 WL 1598780, at *1-3. Rather, the Court dismissed these cases after the parties reached a settlement.  *Brown*, 2014 WL 5408970, at *5; *Watkins*, 2014 WL 4674190, at *3; *Padilla*, 2011 WL 1598780, at *3.

Indeed at bottom, the record in this case shows that petitioner has put forward very little evidence to support her claim.  In addition, the evidence that petitioner has provided does not support—and in some instances contradicts–her claim that the vaccines at issue here caused, or significantly aggravated, the illness that resulted in her son's death.  *See Murphy*, 30 Fed. Cl. at 62 (finding that a reasonable basis cannot be established when the medical records contradict the claims asserted in the petition).  Given this, the record evidence makes clear that the special master did not abuse his discretion in denying petitioner's motion for attorneys' fees and costs.

### B.   The Special Master's Conclusion That Petitioner Was Required To Hire An Expert Prior To Filing The Petition Was Harmless Error

Lastly, the evidentiary record also does not substantiate petitioner's claim that the Court should set aside the decision of the special master because he concluded that petitioner was required to hire an expert prior to filing her Vaccine Act claim.  Pet. Mem. at 5-6.  The Court agrees with petitioner that the Vaccine Act does not require that a petitioner hire an expert before filing a petition to satisfy the reasonable basis standard under the Act.

But, to the extent that the special master's decision could be read to impose such a requirement, the error was harmless given the facts of this case.  As discussed above, the special master's decision to deny petitioner's motion for attorneys' fees is amply supported by the lack of evidence presented in this case to support petitioner's claim, as well as the absence of any looming statute of limitations deadline prior to the filing of this petition.  *Cox. v. Sec'y of Health & Human Servs.*, 30 Fed. Cl. 136, 145 (1993) (holding that an error was harmless because "even under an error-free review" the outcome remains the same).  And so, petitioner simply has not established that she is entitled to an award of attorneys' fees and costs under the Vaccine Act.

## V.   CONCLUSION

In sum, the record evidence in this case demonstrates that petitioner has not met her burden to show that the special master erred as a matter of law in defining the reasonable basis standard pursuant to Section 15(e) of the Vaccine Act, or that the special master abused his discretion in denying petitioner's motion for attorneys' fees.  To the contrary, the record evidence in this matter demonstrates that the special master's denial decision was reasonable, supported by the evidence and in accordance with the Vaccine Act.

And so, for the foregoing reasons, the Court **DENIES** petitioner's motion for review and **SUSTAINS** the decision of the special master.

The Clerk is directed to enter judgment accordingly.

Each party to bear their own costs.

Some of the information contained in this Memorandum Opinion and Order may be considered privileged, confidential or sensitive personally-identifiable information that should be protected from disclosure.  Accordingly, this Memorandum Opinion and Order shall be **FILED UNDER SEAL**.  The parties shall review the Memorandum Opinion and Order to determine whether, in their view, any information should be redacted prior to publication. The parties shall also **FILE**, by **June 8, 2017**, a joint status report identifying the information, if any, that they contend should be redacted, together with an explanation of the basis for each proposed redaction.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
Judge